SUMMARY ORDER

Mei Yao Ying, a native and citizen of the People’s Republic of China, seeks review of an October 23, 2008 order of the BIA, affirming the March 21, 2007 decision of Immigration Judge (“IJ”) Brigitte Lafor-est, which denied her application for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Mei Yao Ying, No. A098 596 594 (B.I.A. Oct. 23, 2008), aff'g No. A098 596 594 (Immig. Ct. N.Y. City Mar. 21, 2007). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
When the BIA does not expressly “adopt” the IJ’s decision, but its brief opinion closely tracks the IJ’s reasoning, we consider both the IJ’s and the BIA’s opinions “for the sake of completeness.” Zaman v. Mukasey, 514 F.3d 233, 237 (2d Cir.2008). We review the agency’s factual findings, including adverse credibility findings, under the substantial evidence standard. See 8 U.S.C. § 1252(b)(4)(B); see also Shu Wen Sun v. BIA, 510 F.3d 377, 379 (2d Cir.2007). We review de novo questions of law and the application of law to undisputed fact. Salimatou Bah v. Mukasey, 529 F.3d 99, 110 (2d Cir.2008). For applications governed by the REAL ID Act of 2005, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant’s demeanor, the plausibility of his or her account, and inconsistencies in his or her *528 statements, without regal’d to whether they go “to the heart of the applicant’s claim.” 8 U.S.C. § 1158(b)(l)(B)(iii); see Xiu Xia Lin v. Mukasey, 534 F.3d 162, 167 (2d Cir.2008).
Here, the agency’s adverse credibility finding is supported by substantial evidence. In finding Ying not credible, the agency reasonably relied in part on inconsistencies in her testimony. See Liang Chen v. U.S. Attorney Gen., 454 F.3d 103, 106-07 (2d Cir.2006). For example, the IJ reasonably noted the inconsistencies in Ying’s testimony as to whether she sought medical treatment following her alleged forced abortion and what type of treatment was required. The IJ reasonably declined to credit Ying’s explanation that she “forgot” and “was devastated at the time.” See Majidi v. Gonzales, 430 F.3d 77, 80-81 (2d Cir.2005) (holding that an agency need not credit an applicant’s explanations for inconsistent testimony unless those explanations would compel a reasonable fact-finder to do so). Moreover, as Ying’s testimony was not otherwise credible, it was not error for the agency to note Ying’s failure to adequately corroborate her claim, where the only documentary evidence she provided consisted of statements that were not notarized, and the authors were not available for cross-examination. See Biao Yang v. Gonzales, 496 F.3d 268, 273 (2d Cir.2007); Xiao Ji Chen v. Dep’t of Justice, 471 F.3d 315, 342 (2d Cir.2006) (finding that the weight afforded to the applicant’s evidence in immigration proceedings lies largely within the discretion of the IJ).
Under the REAL ID Act, these findings were sufficient to support the agency’s conclusion that Ying was not credible. See Xiu Xia Lin, 534 F.3d at 167. Accordingly, the agency’s denial of asylum was not in error. Because the agency’s adverse credibility determination was supported by substantial evidence, it reasonably denied Ying’s application for asylum, withholding of removal, and CAT relief, where all three claims shared the same factual predicate. See Paul v. Gonzales, 444 F.3d 148, 156 (2d Cir.2006); Xue Hong Yang v. U.S. Dep’t of Justice, 426 F.3d 520, 523 (2d Cir.2005). Finally, we deem Ying’s CAT claim based on her purportedly illegal departure from China abandoned, because she has not challenged such denial before the BIA or this Court. See Gui Yin Liu v. INS, 508 F.3d 716, 723 n. 6 (2d Cir.2007).
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).